# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DA'VETTA FLOWERS**                                                           **PLAINTIFF**

v.                                  CASE NO. 4:18-CV-577-DPM

**KENDALL W. PENN, Major General,**                                            **DEFENDANT**
**Adjutant General for the State of**
**Arkansas**

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the motion for protective order filed by Defendant Major General Kendall W. Penn. The Plaintiff does not oppose the motion.

1.      The parties are engaged in discovery production and Defendant has raised confidentiality defenses as to Plaintiff's discovery requests pertaining to personnel files, investigative reports, and other identifying documents that may contain protected confidential information, be protected by the Privacy Act of 1974, or both.

2.      That the Court hereby orders that any materials provided by the Defendant deemed "confidential" or "protected" by the Defendant, shall be protected from any further disclosure, dissemination, or review, except as necessary for expert consultation. Any retained expert is also prohibited from any disclosure, dissemination or publication, other than to counsel of record, unless allowed by the Court upon Motion by a party. Counsel must also give prior notice to all counsel of record before disclosing any confidential or protected material to any retained expert.

3.      If the parties dispute whether any materials should be designated "confidential" or "protected," counsel should confer in good faith *in person* before

bringing any such dispute to the Court. If the parties reach an impasse on the designation of a material, they should file a report explaining the disagreement. This report should be prepared and filed consistent with the Court's policy on "Discovery Disputes" detailed in the Third Amended Final Scheduling Order (Doc. 38) filed in this case.

    4.    Information designated as "confidential" or "protected" must not be filed on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains confidential or protected information, substituting a page marked "redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential or protected information and any related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

    5.    This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

IT IS SO ORDERED.

*D.P. Marshall Jr.*   7 January 2021
THE HONORABLE D.P. MARSHALL, JR.
UNITED STATES DISTRICT COURT