IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DA'VETTA FLOWERS                                              PLAINTIFF

v.                          No. 4:18-cv-577-DPM

KENDALL W. PENN, Major General,
Adjutant General for the State of
Arkansas                                                      DEFENDANT

## ORDER

Flowers's request for a hearing is granted as modified. The jury found that the Arkansas Military Department discriminated against Flowers because of her race. It awarded her $105,804.58 in lost wages and benefits through the date of the verdict and $28,000 in other damages. Flowers, to be made whole, now requests additional equitable and injunctive relief in her post-judgment motion. Prejudgment interest is agreed and will be awarded. The request for post-verdict back pay is akin to front pay, and connected with the pay-grade increase, and will be considered with those issues. Here are the Court's thoughts on the remaining issues.

As the parties acknowledge, making Flowers the Human Resources Administrator is not a practical remedy because that position is occupied. *Olivares v. Brentwood Industries*, 822 F.3d 426, 429–30 (8th Cir. 2016). There is no suggestion of a comparable vacant position. A

pay grade increase for the remainder of Flowers's employment at the Department, starting from the date of the verdict, seems fair and reasonable in the circumstances. The Court is not persuaded by Penn's arguments about mitigation and duration. Perhaps the promotion should come with more responsibilities, too, as a step toward a comparable slot. To make an informed decision, the Court needs more information about pay grades, increased-responsibility options, Flowers's age and work plans, the incumbent Human Resource Administrator's age and plans, and any other facts the parties believe are material. The Court will also consider ordering a later shift into the Human Resources Administrator position should it become available.

The alternative, of course, is an award of front pay. That kind of relief is disfavored in general and necessarily involves uncertainty, which should be avoided if possible. *Mathieu v. Gopher News Co.*, 273 F.3d 769, 809 (8th Cir. 2001). But the Court will consider this alternative as a fall back.

All this needs ventilation and a bit more proof. Please focus on Eighth Circuit precedent in developing arguments and the record on these issues. *E.g.*, *Olivares*, 822 F.3d at 429–30; *Kucia v. Southeast Arkansas Comm. Action Corp.*, 284 F.3d 944 (8th Cir. 2002); *Mathieu*, 273 F.3d at 809; *Locke v. Kansas City Power and Light Co.*, 660 F.2d 359 (8th Cir. 1981).

The Court would also benefit from counsel's oral argument on the requested declaration, personnel file scrub, and injunction against future discrimination.

This is the modification. Flowers requests the hearing to offer evidence about pre-verdict retirement contributions. She foresees that testimony from the Arkansas Military Agency and the Arkansas Public Employees Retirement System would aid the Court in determining the appropriate amount, if any, of lost contributions. This damages issue should have been presented to the jury. The Court is bound by the jury's verdict that, through the date of the verdict, Flowers suffered $105,804.58 in lost wages and benefits. *Mathieu*, 273 F.3d at 778.

The Court will schedule a one-day hearing on a mutually convenient date.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 April 2022