IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DA'VETTA FLOWERS                                                    PLAINTIFF

v.                                    No. 4:18-cv-577-DPM

KENDALL W. PENN, Major General,
Adjutant General for the State of
Arkansas                                                           DEFENDANT

## ORDER

1.      Ms. Flowers's motions for attorney's fees and costs, *Doc. 139 & 155*, are mostly granted and partly denied.  She is entitled to $227,984.45 as a reasonable attorney's fee and costs.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).  Here is how and why the Court made its decision.

2.      The Court awards Ms. Flowers's expenses, though not entirely in the way requested.  The deposition costs, witness fees, and copy costs are recoverable as costs.  FED. R. CIV. P. 54(d)(1);  28 U.S.C. § 1920(2)–(4).  Total recoverable costs are $7,823.03.  Travel expenses and private service, postage, and shipping fees are not recoverable as costs. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).  But, paying clients in this District are routinely billed for and cover all these items.

*Hernandez v. Bridgestone Americas Tire Operations, LLC,* 831 F.3d 940, 949–50 (8th Cir. 2016).  Those expenses — totaling $2,008.92 — will therefore be added to the fee.

3.  The fighting issue is whether Ms. Flowers's dismissed claims are sufficiently related to the claim on which she prevailed at trial.  If they are, then the fees associated with developing those claims should be included in any fee award made for the claim that Ms. Flowers developed, tried, and won.  *Jenkins by Jenkins v. Missouri,* 127 F.3d 709, 716 (8th Cir. 1997) (en banc).  Applying a results-based approach, the Court declines to piecemeal the lawyers' requested hours.  *Emery v. Hunt,* 272 F.3d 1042, 1047–48 (8th Cir. 2001).  Ms. Flowers's claims about her non-promotion in 2018 and her low performance evaluation in 2019 were made in good faith as alternative legal grounds for recovery against the Department.  The Court rejected those hedging claims.  By almost any measure, however, Ms. Flowers stood to gain less on those claims than she did on her ultimately successful discrimination claim about her 2017 non-promotion.  And General Penn all but concedes that the two tried claims were inextricably intertwined.  *Doc. 141 at 7.*  The jury's rejection of the retaliation claim is not a reason to reduce the fees requested.  *Emery,* 272 F.3d at 1047–48.  The Court therefore declines to make a percentage deduction.

General Penn's other suggested cuts are at the margin. Time conferring with Ms. Flowers's original lawyer about taking over the case is reasonable and compensable. The Court agrees with General Penn, though, that the time Mr. Laux spent on reviewing a 184-page production, preparing for General Berry's deposition, and drafting the initial complaint was a bit too much. Of the 75.8 hours requested for those activities, 50 were reasonably spent. Plus, lawyers don't bill clients for cleaning up billing records, so the Court will deduct 6.75 hours from Mr. Porter's request for time spent formatting Mr. Laux's time entries. The lodestar inputs for time worked are therefore 536.40 hours for Mr. Laux and 176.10 hours for Mr. Porter.

The Court agrees with General Penn that the proposed hourly rates are on the high side for the Eastern District. The Court will make appropriate reductions. The new rates are based on General Penn's concessions and the Court's experience with current market rates in all kinds of cases. The Court awards fees for these listed hours and rates:

| | | | | |
|---|---|---|---|---|
| Mike Laux | – 536.40 hours x | $300/hour | = | $160,920.00 |
| Austin Porter | – 176.10 hours x | $325/hour | = | $57,232.50 |
| | | | | $218,152.50 |

\*   \*   \*

The Court awards Ms. Flowers $220,161.42 for attorney's fees and non-cost expenses, plus $7,823.03 in costs, for a total of $227,984.45.

So Ordered.

*NPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

15 August 2022